|    |    |
|---|---|
| LLOYD POWELL,<br>CDCR #K—92698,<br><br>                        Plaintiff,<br><br>  vs.<br><br>ADELITA BASTO, Registered Dietician;<br>S. ROBERTS, Chief Medical Executive;<br>M. GLYNN, Chief Medical Officer;<br>S. GATES, Chief Health Care<br>Correspondence & Appeals,<br><br>                        Defendants. | Case No.: 3:19-cv-00913-GPC-AHG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

## I. Procedural History

On May 9, 2019, Plaintiff Lloyd Powell, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)

In his original Complaint, Plaintiff claimed Defendant Basto, a RJD dietician, discontinued a hepatic diet he had previously been prescribed at another prison. Plaintiff alleged Basto, together with Defendants Roberts, Glynn, and Gates, who reviewed and rejected the inmate appeal he filed challenging Basto's decision, all violated his Eighth Amendment right to adequate medical care. (*Id.* at 2-3.)

On July 3, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), but dismissed his Complaint *sua sponte* failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* ECF No. 6.) The Court provided Plaintiff notice of his specific pleading deficiencies and granted him leave to file an amended pleading that corrected them. (*Id.* at 6-11.)

On August 12, 2019, Plaintiff filed his Amended Complaint ("FAC") (ECF No. 8). His FAC names the same Defendants, and it re-alleges the same Eighth Amendment inadequate medical care claims as to all of them. (*Id.* at 4-7.) However, Plaintiff now also contends Defendants' actions violated his right to procedural due process in violation of the Fifth[1] and Fourteenth Amendments. (*Id.* at 5-6.)

**II.    Screening of FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.    <u>Standard of Review</u>

As Plaintiff now knows, because he is a prisoner and is proceeding IFP, his FAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*,

---

[1] The Fifth Amendment's Due Process clause is inapplicable, however, because it only applies to the federal government. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (citing *Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state action in identical words by the Fourteenth."), *overruled on other grounds by Gideon v. Wainwright*, 372 U.S. 335 (1963); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States: '*nor shall any State* deprive any person of life, liberty, or property, without due process of law.'" (quoting U.S. CONST. amend. XIV) (emphasis in original)).)

762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's FAC</u>

Plaintiff's factual allegations are brief and straightforward. He claims to suffer from congestive heart failure, hepatitis C, and is allergic to shellfish, eggs, and peanut butter. (*See* FAC at 2 ¶ 8.) After an evaluation at RJD in July 2018, however, Defendant Basto, a registered dietician and nutritionist, prescribed him a "general population diet" instead of the "hepatic diet" Plaintiff had been previously prescribed at another institution. (*Id.*)

Plaintiff filed a CDCR Health Care Appeal, Log No. RJD HC 18002770 challenging Basto's decision. (*Id.* at 3 ¶¶ 9, 13.) That appeal was reviewed and denied at all levels of administrative review by Defendants Roberts, RJD's Chief Medical Executive, Glynn,

3

3:19-cv-00913-GPC-AHG

RJD's Chief Executive Officer, and Gates, the Chief of the Health Care Correspondence and Appeals Branch of California Correctional Health Care Services. (*Id.*)

Plaintiff contends all Defendants violated his Eighth Amendment rights because they "knew or should have known" he had been previously prescribed a hepatic diet and suffered some food allergies, and therefore the general population diet he was instead prescribed was insufficient to meet his needs and "demonstrate[d] deliberate indifference." (*Id.* at 4-5 ¶¶ 15, 18-24.) Plaintiff further claims all Defendants deprived him of "rights, benefits, and privileges" guaranteed by the Fourteenth Amendment when they denied his healthcare appeal challenging Basto's dietary assessment. (*Id.* at 6 ¶ 31.) He seeks declaratory relief as well as $100,000 in compensatory and punitive damages, and the costs of suit. (*Id.* at 7 ¶ 41.)

C. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

D. Eighth Amendment Medical Care Claims

Plaintiff's amended allegations involving Defendants' refusals to prescribe him a hepatic diet still fail to "state a[n] [Eighth Amendment] claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Inc.*, 550 U.S. at 570).

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). As the Court noted in its previous Order, the two part test for deliberate indifference requires Plaintiff to plead

facts sufficient to show: (1) "a 'serious medical need' by demonstrating that failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

"Serious medical needs can relate to 'physical, dental and mental health.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104); *Jett*, 439 F.3d at 1096; *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016).

But a prison official does not act in a deliberately indifferent manner unless she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo*, 935 F.3d at 786 (citations omitted). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), is present in cases where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and where the indifference is alleged to have caused harm. *Jett*, 439 F.3d at 1096. The alleged indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

///

In his FAC, Plaintiff continues to claim that he suffers from congestive heart failure, hepatitis C, and shellfish, egg, and peanut butter allergies. (*See* FAC at 2 ¶ 8.) Therefore, the Court will continue to assume his medical needs are objectively serious. *See McGuckin*, 974 F.2d at 1059; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (finding pro se prisoner's allegations of having been denied previously prescribed hepatitis C medication sufficient to satisfy Fed. R. Civ. P. 8(a)(2) pleading requirements); *Ha v. Manasrah*, 2018 WL 3203121, at *3 (E.D. Cal. June 28, 2018) (finding prisoner's allegations of "congestive heart failure, severely enlarged heart, and episodes of extreme breathing difficulties" sufficient to show a serious medical need).

However, Plaintiff's FAC, like his original Complaint, still fails to satisfy the subjective component of an Eighth Amendment violation because it fails to allege facts to plausibly show that any Defendant acted with deliberate indifference to his needs. *See Edmo*, 935 F.3d at 786; *Jett*, 439 F.3d at 1096. Plaintiff claims only that he was evaluated by Basto in July 2018, and that he had previously been prescribed a hepatic diet prior to arriving at RJD, but that Basto newly determined a hepatic diet was not medically necessary and prescribed him a general population diet instead. (*See* FAC at 2 ¶ 8.) Plaintiff further claims to have "informed medical" of Basto's "deliberate indifference" via his CDCR 602 administrative grievance, which he continues to identify as Log No. RJD HC 18002770, and concludes Defendants Roberts, Glynn and Gates acted with "deliberate indifference" simply because they affirmed Basto's decision and denied his appeal.[2] (*Id.* at 3-4, 6 ¶¶ 13-15, 31.)

---

[2] The Court notes that Plaintiff attached copies of the CDCR 602 Health Care Appeal Log No. RJD HC 18002770, which he again identifies in his FAC, as well as Defendant Roberts, Glynn, and Gates' responses to that appeal, as exhibits to his original Complaint. (*See* Compl. at 11-23.) While he does not again attach those exhibits to his FAC, he nevertheless references that appeal and relies on its denial as the basis for both the Eighth and Fourteenth Amendment claims alleged in his FAC. (*See* Compl. at 20-23; *cf.* FAC at 1-7.) *See also Swartz v. KPMG LLP*, 476, 793 (9th Cir. 2007) (noting that a court "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."). Plaintff's CDCR 602 Health Care Appeal shows both that Basto's July 12, 2018 evaluation and review of his medical records indicated he "did not meet

As the Court advised Plaintiff in its July 3, 2019 Order, in order to sufficiently plead an Eighth Amendment claim, his FAC must contain "sufficient factual matter," and not just "labels and conclusions," *Iqbal*, 556 U.S. at 678, to plausibly show Defendants' "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). Nothing in Plaintiff's FAC shows either—and "[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Edmo*, 935 F.3d at 786 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (citations omitted); *Wilhelm*, 680 F.3d at 1122—23. Instead, Plaintiff was required to plead facts sufficient to "show that the course of treatment," *i.e.*, Basto's dietary needs assessment, "was medically unacceptable under the circumstances," *and* that all the Defendants "chose this course in conscious disregard of an excessive risk to [his] health." *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc) (citation and internal quotations omitted); *Hamby v. Hammond*, 821 1085, 1092 (9th Cir. 2016). He has not.

Accordingly, the Court finds that Plaintiff's FAC still fails to state a plausible Eighth Amendment inadequate medical care claim against Defendants Basto, Roberts, Glynn, or Gates, and that therefore, it is subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004; *Rideau v. Small*, 402 F. App'x 165, 166 (9th Cir. 2010) (affirming

---

the criteria for a hepatic diet." (*See* Compl. at 20.) CDCR 602 Health Care Appeal Log No. RJD HC 18002770 further shows that Defendants Roberts, Glynn, and Gates, who reviewed Basto's dietary assessment, affirmed her decision because Plaintiff's PCP (primary care physician) "did not document a medical indication for a prescribed diet," and because the general population diet prescribed provided him with an adequate caloric buffer to simply "choose not to eat certain foods, either due to food sensitivity or general dislike, without compromising [his] nutritional health." (*Id.* at 23.)

dismissal of prisoner's Eighth Amendment claim that defendants inappropriately denied him a therapeutic medical diet beneficial for his heart condition "because an inmate's disagreement with his physicians or prison officials regarding the course of treatment does not constitute deliberate indifference to serious medical needs.") (citing *Toguchi*, 391 F.3d at 1058).

### E. Due Process Claims

In addition to his Eighth Amendment claims, Plaintiff also contends Defendants Roberts, Glynn, and Gates's "wrongful actions" with respect to the rejection of CDCR 602 Health Care Appeal Log No. RJD HC 18002770, deprived him of "rights, benefits, and privileges" guaranteed by the Fourteenth Amendment. (*See* FAC at 5-6.)

However, a prison medical official's allegedly improper processing of an inmate's grievances or health care appeals, without more, cannot serve as an independent basis for section 1983 liability. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."). Simply "'[r]uling against a prisoner on an administrative complaint

does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

For these reasons, the Court also finds Plaintiff's Fourteenth Amendment allegations insufficient to state any plausible due process claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 678-79 (citations omitted); *Valdivia v. Tampkins*, 2016 WL 7378887, at *6 (C.D. Cal. Dec. 19, 2016) (sua sponte dismissing claims predicated upon the alleged improper processing of inmate grievances); *Morgan v. Borders*, 2018 WL 2213455, at *6 (C.D. Cal. May 14, 2018) (dismissing allegations that inmate appeals officials "allowed transgender discrimination to continue ... unabated" when they denied plaintiff's grievance alleging discrimination as insufficient to state a viable § 1983 claim); 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### III. Leave to Amend

Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend sufficient facts to support his claims to no avail. Therefore, the Court finds further attempts to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### IV. Conclusion and Order

Accordingly, the Court:

1) **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: October 24, 2019

Hon. Gonzalo P. Curiel
United States District Judge