# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD POWELL,<br>CDCR #K—92698,<br><br>                    Plaintiff,<br><br>vs.<br><br>ADELITA BASTO, Registered Dietician;<br>S. ROBERTS, Chief Medical Executive;<br>M. GLYNN, Chief Medical Officer;<br>S. GATES, Chief Health Care<br>Correspondence & Appeals,<br><br>                    Defendants. | Case No.: 3:19-cv-00913-GPC-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND GRANTING MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>**[Dkt. No. 12.]** |

On May 9, 2019, Plaintiff Lloyd Powell, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff claimed Defendant Basto, a RJD dietician, discontinued a hepatic diet he had previously been prescribed at another prison. Plaintiff alleged Basto, together with Defendants Roberts, Glynn, and Gates, who reviewed and rejected the inmate appeal he filed challenging Basto's decision, all violated his Eighth Amendment right to adequate medical care. (*Id.* at 2-3.)

On July 3, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis*

1

("IFP") but dismissed his Complaint *sua sponte* for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* ECF No. 6.) The Court provided Plaintiff notice of his specific pleading deficiencies and granted him leave to file an amended pleading that corrected them. (*Id.* at 6-11.)

On August 12, 2019, Plaintiff filed his Amended Complaint ("FAC") (ECF No. 8). His FAC names the same Defendants, and it re-alleges the same Eighth Amendment inadequate medical care claims as to all of them. (*Id.* at 4-7.) However, Plaintiff also contended Defendants' actions violated his right to procedural due process in violation of the Fifth[1] and Fourteenth Amendments. (*Id.* at 5-6.)

On October 24, 2019, the Court again dismissed the FAC *sua sponte* for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 9.) The Court also directed the Clerk of Court to enter a final judgment of dismissal. (*Id.* at 10.) On the same date, a judgment was filed. (ECF No. 10.)

On November 14, 2019, Plaintiff filed a request to reopen the case under Federal Rule of Civil Procedure ("Rule") 50. (ECF No. 12.) The Court construes his request as a motion to vacate judgment pursuant to Rule 60(b)(6) (a movant may seek to vacate a judgment for "(6) any other reason justifying relief."). Rule 60(b)(6) is an equitable remedy where a party must establish "both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). In his request, Plaintiff explains that he did not understand the Court's prior orders on

---

[1] The Fifth Amendment's Due Process clause is inapplicable, however, because it only applies to the federal government. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (citing *Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state action in identical words by the Fourteenth."), *overruled on other grounds by Gideon v. Wainwright*, 372 U.S. 335 (1963); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States: '*nor shall any State* deprive any person of life, liberty, or property, without due process of law.'" (quoting U.S. CONST. amend. XIV) (emphasis in original)).)

dismissal due to his mental condition as he is part of the Mental Health program. (Dkt. No. 12 at 2, 4.) Recently, he sought legal assistance from a jailhouse lawyer. (*Id.* at 2.) Plaintiff acknowledges that he did not properly plead his claims and will allege facts in a second amended complaint that will support his causes of action under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After a review of Plaintiff's request which was filed shortly after the Court's judgment, and in the interests of justice, the Court exercises its discretion and GRANTS Plaintiff's request and vacates the Clerk's Judgment filed on October 24, 2019. Plaintiff shall file a second amended complaint on or before **January 10, 2020**.

**IT IS SO ORDERED**.

Dated: November 22, 2019

Hon. Gonzalo P. Curiel
United States District Judge