UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD POWELL,<br>CDCR #K-92698,<br><br>                                  Plaintiff,<br><br>vs.<br><br>ADELITA BASTO, Registered Dietician;<br>S. ROBERTS, Chief Medical Executive;<br>M. GLYNN, Chief Medical Officer;<br>S. GATES, Chief Health Care<br>Correspondence & Appeals,<br><br>                                Defendants. | Case No.: 3:19-cv-00913-GPC-AHG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

## I.    Procedural History

On May 9, 2019, Plaintiff Lloyd Powell, while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

In his original Complaint, Plaintiff claimed Defendant Basto, a RJD dietician, discontinued an hepatic prescribed two years before at another prison. Plaintiff alleged Basto, together with Defendants Roberts, Glynn, and Gates, who reviewed and rejected the inmate appeal he filed challenging Basto's decision, all violated his Eighth Amendment right to adequate medical care. *Id.* at 2-3.

1

On July 3, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), but dismissed his Complaint *sua sponte* failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* ECF No. 6. The Court provided Plaintiff notice of his specific pleading deficiencies and granted him leave to file an amended pleading that corrected them. *Id.* at 6-11.

On August 12, 2019, Plaintiff filed an Amended Complaint ("FAC") (ECF No. 8). His FAC named the same Defendants, and it re-alleged the same Eighth Amendment inadequate medical care claims as to all of them. *Id.* at 4-7. Plaintiff also claimed Defendants' actions violated his right to procedural due process in violation of the Fifth and Fourteenth Amendments. *Id.* at 5-6.

On October 24, 2019, the Court conducted a second initial screening, found the allegations in Plaintiff's FAC still failed to state any claim upon which § 1983 relief could be granted, and dismissed his case in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 9. Because Plaintiff had already been provided with a short and plain statement of his pleading deficiencies and had failed to correct them, the Court denied further leave to amend as futile, and directed the Clerk to enter a final judgment of dismissal. *Id.* at 9–10.

On November 14, 2019, Plaintiff filed a request to re-open the case, *see* ECF No. 12, which the Court construed as a motion to vacate the October 24, 2019 judgment pursuant to Fed. R. Civ. P. 60(b). *See* ECF No. 13. Plaintiff acknowledged that while he had failed to adequately plead his claims for relief, he had since sought legal assistance from a jailhouse lawyer, and therefore requested another chance to amend. *Id.* at 2. Based on these allegations, and Court exercised its discretion and in the interest of justice, vacated its October 24, 2019 judgment and granted Plaintiff leave to file a Second Amended Complaint ("SAC"). *Id.* at 3. On January 8, 2020, Plaintiff filed his SAC, *see* ECF No. 18, again re-alleging his Eighth and Fourteenth Amendment claims against all the original Defendants, *id.* at 1–2, 5–6, 8, and newly alleging supplemental state law violations. *Id.* at 3–4, 7, 9.

## II. Screening of FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As Plaintiff now knows, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's SAC

In his SAC, and in a declaration and exhibits he attaches and incorporates in support, Plaintiff continues to claim he is allergic to fish, peanuts, and eggs, and to have first been prescribed a hepatic diet at Salinas Valley State Prison in 2016, because he was "diagnose[d] as having liver kidney disease." *See* Compl. at 3, 12, 14, 15. Plaintiff claims that when he was transferred to Lancaster State Prison, the attending physician there "continue[d] [his] hepatic diet." *Id.* at 12.

Sometime in 2018, Plaintiff was transferred to RJD. There, he was examined by the "attending physician Gail Messler" and "the ordering clinical Chau, John," who referred him to Defendant Adelita Basto, a registered dietician, "to review the condition of the Plaintiff['s] health for an hepatic diet," and "make sure it was accurate." *Id.* at 3, 6, 12, 14. As part of her review, Plaintiff claims Basto "cancelled [his] hepatic diet," "refus[ed] to give [him] substitute meals" in light of his food allergies, and did so without consulting the "attending physician," or gaining prior approval by Defendant M. Glynn, the Chief Medical Officer. *Id.* at 3, 7, 14. As a result, Plaintiff claims he "had to eat food that's not healthy," like cookies, Top Ramen soup, and potato chips which "give [him] high blood pressure." *Id.* at 8, 15.

Plaintiff claims Defendants Glynn, S. Roberts, a Chief Medical Executive, and S. Gates, the Chief of Health Care Correspondence & Appeals, all failed to "correct [the] wrong" when they reviewed and denied his CDCR Health Care Appeal challenging Basto's dietary assessment. *Id.* at 7, 8, 14 & Ex. E at 31–35.

Plaintiff contends all Defendants acted with deliberate indifference in violation of the Eighth Amendment because they "knew of [his] condition of being order[ed] an hepatic diet for medical treatment," and "did not respond … reasonably." *Id.* at 6. He further claims all Defendants denied him equal protection as guaranteed by the Fourteenth Amendment and the Americans with Disabilities Act ("ADA") by "treat[ing] him different [from] other

inmates" who "received substitute food item[s]." *Id.* at 8, 15, 17. Finally, Plaintiff contends Defendants violated his right to due process, California Penal Code § 2653(a), and "15 CCR 3084(e)" by failing to "correct [Basto's] wrong" via the healthcare appeal process. *Id.* at 3–4, 7, 9, 17, 19. He seeks an injunction preventing the denial of a hepatic diet and $200,000 in both compensatory and punitive damages. *Id.* at 21.

### C.  42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### D.  Eighth Amendment Medical Care Claims

After three attempts, Plaintiff allegations involving Defendants' refusals to prescribe him a hepatic diet still fail "state a[n] [Eighth Amendment] claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Inc.*, 550 U.S. at 570).

As the Court has previously discussed, a prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment at issue rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to plead facts sufficient to show: (1) "a 'serious medical need' by demonstrating that failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

"Serious medical needs can relate to 'physical, dental and mental health.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (quoting *Hoptowit v. Ray*, 682 F.2d 1237,

1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104); *Jett*, 439 F.3d at 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016).

But a prison official does not act in a deliberately indifferent manner unless she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo*, 935 F.3d at 786 (citations omitted). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), is present in cases where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and where the indifference is alleged to have caused harm. *Jett*, 439 F.3d at 1096. The alleged indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

In his SAC, Plaintiff continues to claim that he suffers from shellfish, egg, and peanut butter allergies, "liver kidney disease," and high blood pressure. *See* Compl. at 3, 5, 6.[1] In his prior pleadings, Plaintiff also claimed to suffer from congestive heart failure

---

[1] It is unclear whether Plaintiff has been diagnosed with liver *or* kidney disease or *both*. He does, however, attach several exhibits which include reports of various other ailments. These include anxiety, chest wall pain, costochrondities, edema, emphysema/COPD, fatigue, fungus, Hep C w/o coma, hypertension, hyperglycemia, polyosteoarthritis, foot pain, and obesity. *See* Compl. at 24–27.

and Hepatitis C, which impacts liver function.² *See* ECF No. 1 at 3; ECF No. 8 at 2. He does not identify which particular condition served as the original basis for approval for a hepatic diet, or whether a combination of ailments and/or food allergies was its source.³ However, the Court will continue to assume his medical needs are objectively serious. *See McGuckin*, 974 F.2d at 1059; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (finding pro se prisoner's allegations of having been denied previously prescribed hepatitis C medication sufficient to satisfy Fed. R. Civ. P. 8(a)(2) pleading requirements); *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (finding prisoner with "numerous medical conditions, including chronic kidney disease" had "sufficiently facts to show that he had a serious medical need."); *Gibson v. Chief Med. Officer, C.D.C.R.*, No. 2:09-CV-00230-MSB, 2010 WL 2740233, at *7 (E.D. Cal. July 9, 2010) (noting that Hepatitis C is "surely a serious medical need."); *Ha v. Manasrah*, 2018 WL 3203121, at *3 (E.D. Cal. June 28, 2018) (finding prisoner's allegations of "congestive heart failure, severely enlarged heart, and episodes of extreme breathing difficulties" sufficient to show a serious medical need).

However, Plaintiff's SAC, like his original Complaint, and like his FAC, still fails to satisfy the subjective component of an Eighth Amendment violation because it includes no facts to plausibly show that any named Defendant acted with deliberate indifference to his needs. *See Edmo*, 935 F.3d at 786; *Jett*, 439 F.3d at 1096. Plaintiff continues to claim only that he was evaluated by Basto sometime in 2018 after a visit with his attending physician (Messler) and after being referred to her by "Chau, John" the "Ordering

---

² "Hepatitis C is a liver infection that can lead to serious liver damage. It [i]s caused by the hepatitis C virus … [which] spreads through an infected person's blood or body fluids." *See* https://www.webmd.com/hepatitis/digestive-diseases-hepatitis-c#1 (last visited April 30, 2020).

³ "A[n] hepatic diet 'is used to help promote and maintain nitrogen balance and to promote liver regeneration while preventing exacerbation of the metabolic derangements commonly found in liver disease.'" *Farley v. Raso*, No. C 13-2882 SI (PR), 2014 WL 1900669, at *1 (N.D. Cal. May 12, 2014).

Clinical." *See* SAC at 12, 14.[4] Plaintiff further continues to claim he had been prescribed an "hepatic diet" prior to arriving at RJD, but that Basto re-evaluated his needs after transfer, determined a hepatic diet was not medically necessary and confirmed that the CDCR's "Heart Healthy Diet" was sufficient to meet his nutritional and medical needs without first obtaining "approval of the attending physician John Chau nor the Chief Medical Officer M. Glynn." *See* SAC at 4, 14, 34. Plaintiff further claims to have filed a "602" "medical appeal" challenging Basto's nutritional assessment, *see* SAC at 30–35, and he concludes Defendants Roberts, Glynn and Gates acted with "deliberate indifference" because they affirmed Basto's decision by denying his appeal and failed to "correct the wrong."[5] *Id.* at 7, 13–14

As the Court advised Plaintiff in its July 3, 2019 and October 24, 2019 Orders, to sufficiently plead an Eighth Amendment claim, he provide "sufficient factual matter," not just "labels and conclusions," *Iqbal*, 556 U.S. at 678, to plausibly show Defendants'

---

[4] Nowhere in his SAC does Plaintiff identify the date he was transferred to RJD, but he refers to a "Physician's Order" attached as Exhibit B, which includes an "Admit Date" of 6/8/18. *See* SAC at 3, 28. That Order identifies "Messler, Gail P&S" as Plaintiff's PCP and "Chau, John P&S" as the "Ordering Clinical," and it notes Plaintiff's food and medicine allergies. However, the Order makes no reference to any order for a hepatic diet and it includes no referral to a dietician. Instead, the Order appears to relate only to Plaintiff's need for "therapeutic shoes." *See* SAC at 28.

[5] The Court notes that Plaintiff has attached a copy of CDCR 602 Health Care Appeal Log No. RJD HC 18002770, as well as Defendant Roberts, Glynn, and Gates' responses to that appeal, as exhibits to both his original and Second Amended Complaints. *See* Compl. at 11-23; SAC at 30–35. In each of his pleadings, Plaintiff has referenced that appeal and pointed to its denial as the basis for all his claims. *See* Compl. at 20–23; FAC at 1-7; SAC at 7–8, 10, 14, 17, 31–35. *See also Swartz v. KPMG LLP*, 476 F.3d 756, 793 (9th Cir. 2007) (noting that a court "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."). Plantff's CDCR 602 Health Care Appeal shows both that Basto evaluated him on July 12, 2018, and that review of his medical records indicated he "did not meet the criteria for a[n] hepatic diet." *See* ECF No. 1 at 20. CDCR 602 Health Care Appeal Log No. RJD HC 18002770 further shows that Defendants Roberts, Glynn, and Gates, who reviewed Basto's dietary assessment, affirmed her decision *because Plaintiff's PCP (primary care physician)* "*did not document a medical indication for a prescribed diet*," and because the general population diet prescribed provided him with an adequate caloric buffer to simply "choose not to eat certain foods, either due to food sensitivity or general dislike, without compromising [his] nutritional health." *Id.* at 23 (emphasis added); *see also* SAC at 33, 34.

"purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096).

Despite having had three opportunities to provide further factual support, nothing in Plaintiff's SAC shows either—and "[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Edmo*, 935 F.3d at 786 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (citations omitted); *Wilhelm*, 680 F.3d at 1122–23. Plaintiff has been clearly advised he must plead facts sufficient to "show that the course of treatment," *i.e.*, Basto's dietary needs assessment, "was medically unacceptable under the circumstances," *and* that all the Defendants chose or sanctioned this course of treatment with "conscious disregard of an excessive risk to [his] health." *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc) (citation and internal quotations omitted); *Hamby v. Hammond*, 821 1085, 1092 (9th Cir. 2016). He has not.

Therefore, the Court finds that Plaintiff's SAC still fails to state a plausible Eighth Amendment inadequate medical care claim against Defendants Basto, Roberts, Glynn, or Gates, and that it is subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004; *Rideau v. Small*, 402 F. App'x 165, 166 (9th Cir. 2010) (affirming dismissal of prisoner's Eighth Amendment claim that defendants inappropriately denied him a therapeutic medical diet beneficial for his heart condition "because an inmate's disagreement with his physicians or prison officials regarding the course of treatment does not constitute deliberate indifference to serious medical needs.") (citing *Toguchi*, 391 F.3d at 1058); *see also Douglas v. Martel*, No. CIV S-09-3411 KJM, 2011 WL 3875646, at *7 (E.D. Cal. Aug. 31, 2011) (rejecting prisoner's claim that prison doctors endangered his

health by denying him a special diet, and finding his "well-informed disagreement with defendants' decision" was nevertheless insufficient to show deliberate indifference to his food allergy).

### E. Due Process Claims

In addition to his Eighth Amendment claims, Plaintiff also continues to contend Defendants Roberts, Glynn, and Gates's "wrongful actions" with respect to the rejection of CDCR 602 Health Care Appeal Log No. RJD HC 18002770, denied his Fourteenth Amendment right to due process. *See* SAC at 19. Plaintiff alleged the same due process claims in his FAC, however, *see* FAC at 5–6, and the Court's October 24, 2019 analysis and conclusions with respect to any potential due process violation remain the same. *See* ECF No. 9 at 8–9.

As Plaintiff knows, simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). And a prison official's allegedly improper processing of grievances or appeals, without more, does not provide an independent basis for section 1983 liability. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and*

*recommendation adopted sub nom. Daniels v. Aguillera*, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances.").

Plaintiff's SAC makes no new factual allegations with respect to any violation of due process related to his health care grievance or any other plausible deprivation of a cognizable life, liberty or property interest. *See Wilkinson v. Austin,* 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."). Instead, he simply contends Defendants Roberts, Glynn, and Gates "denied the appeal to correct a wrong of the defendant Adelita Basto." *See* SAC at 14. Therefore, the Court continues to find Plaintiff's Fourteenth Amendment allegations insufficient to state any plausible due process claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 678-79 (citations omitted); *Valdivia v. Tampkins*, 2016 WL 7378887, at *6 (C.D. Cal. Dec. 19, 2016) (*sua sponte* dismissing claims predicated upon the alleged improper processing of inmate grievances); *Morgan v. Borders*, 2018 WL 2213455, at *6 (C.D. Cal. May 14, 2018) (dismissing allegations that inmate appeals officials "allowed transgender discrimination to continue ... unabated" when they denied plaintiff's grievance alleging discrimination as insufficient to state a viable § 1983 claim); 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

F.  <u>Equal Protection Claims</u>

Plaintiff also claims inmates are being "treated differently from one another" in violation of equal protection and the ADA.[6] The "Equal Protection Clause of the Fourteenth

---

[6] Plaintiff mentions the ADA, but alleges no factual support for such a claim whatsoever. *See* SAC at 17; *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions'" or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient to show the pleader is entitled to relief, and does not 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 555, 557, 570).

Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburn v. Cleburn Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff does not allege any facts suggesting that he was treated differently from others similarly situated based on his membership in a protected class, nor does he allege a classification that implicates fundamental rights. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). As a result, Plaintiff appears to be proceeding with a "class of one" equal protection claim. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) ("When an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a 'class of one' claim."). "In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [defendant] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *Id.*; *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Equal protection rights are violated when (1) a person is a member of an identifiable class; (2) that person is intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.").

Plaintiff has not alleged any of the necessary elements required to support an equal protection class of one claim with respect to his dietary needs. Instead, he merely posits that "other inmates within RJD get substitute food items for their allergies," points to

---

While Title II of the ADA applies to state prisons and inmates, *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210–12 (1998), "[t]o state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); 42 U.S.C. § 12132; *Kula v. Malani*, 539 F. Supp. 2d 1263, 1267 (D. Haw. 2008). Plaintiff's SAC satisfies none of these pleading requirements. Moreover, medical treatment, the lack of treatment, an alleged misdiagnosis, or allegations of inadequate care alone do not support an ADA claim. *See e.g., Marlor v. Madison County Idaho*, 50 Fed. App'x 872, 874 (9th Cir. 2002); *Haynes v. Chau*, No. 3:19-CV-02257-JAH-KSC, 2020 WL 1245353, at *6 (S.D. Cal. Mar. 16, 2020).

Defendant Basto's "refus[al] to order a substitute food item" for him, and concludes that he is "being treated different than other inmates in the prison." *See* SAC at 8, 15.

Plaintiff does not allege, however, that Basto "intentionally treated [him] differently from others similarly situated." *See Vill. of Willowbrook*, 528 U.S. at 564. He attaches what appears to be a dietary meal card for another inmate named Patterson which includes a note that "food items may be substituted," and concludes "an act of discrimination" from this. *See* SAC at 29. But nowhere does Plaintiff offer any "factual content" that would allow the Court to "draw the reasonable inference" that he and inmate Patterson share the same underlying medical or dietary needs; nor does he allege that any difference in treatment between him or any other inmate similarly situated was intentional. *See Iqbal*, 556 U.S. at 568 ("[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to show entitlement to relief). As pleaded, his conclusory allegations are clearly insufficient as a matter of law. *See, e.g.*, *George v. Uribe*, No. 11-CV-70 JLS (RBB), 2012 WL 993243, at *6 (S.D. Cal. Mar. 23, 2012) (concluding that allegations that defendants "intentionally treated Plaintiff differently from others" who participated in a prison riot was insufficient without supporting facts). What is more, Plaintiff fails to allege *any* facts from which the Court could conclude that Defendants' actions were irrational or lacking in any legitimate basis. *See Barbarin v. Dep't of Corrs. & Rehab.*, No. 3:19-cv-1714-JAH-RBB, 2019 WL 5454435, at *4 (S.D. Cal. Oct. 24, 2019) (plaintiff "fail[ed] to allege any facts from which the Court could conclude that [Defendants'] policy . . . lacks a rational or penological interest.").

G.     State Law Violations

Finally, Plaintiff newly alleges Defendants violated various state laws including California Penal Code § 2653(a) and California Code Regs., tit. 15 § 3084(e). *See* SAC 3–4, 7, 9, 13, 16–17. With respect to the former, however, criminal statutes do not create a private cause of action or a basis for civil liability. *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (concluding that the District Court properly dismissed claims premised on violations of the California Penal Code because they did not create enforceable

individual rights). Plaintiff cannot sue for damages under California Penal Code § 2653. *See Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO PC, 2013 WL 239097, at p. *12 (E.D. Cal. Jan. 22, 2013) (inmate cannot maintain claims for violation of Penal Code Sections 2650 through 2653 as there is no private right of action therein); *Johnson v. Reddy*, No. 2:12-cv-1843 KJN P, 2013 WL 3070624, at p. *2 (E.D. Cal. June 17, 2013) (finding that civil enforcement was unavailable to the plaintiff based on alleged violations of Penal Code Sections 2650 and 2652).

Plaintiff also cites to 15 Cal. Code Regs., tit. 15 § 3084(e), governing inmate appeals. But, there is no private right of action available to him for a violation of Title 15 either. *See, e.g., Parra v. Hernandez*, No. 08cv0191–H (CAB), 2009 WL 3818376, at *8 (S.D. Cal. Nov. 13, 2009); *Davis v. Kissinger*, No. CIV S– 04–0878 GEB DAD P, 2009 WL 256574, at *12 n. 4 (E.D. Cal. Feb. 3, 2009), *adopted in full*, 2009 WL 647350 (Mar. 10, 2009). The failure of prison officials to follow state regulations does not by itself violate any constitutional principles. *See Galen v. City of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.").

Accordingly, Plaintiff's newly alleged state law causes of action also fail to state a claim upon which § 1983 relief may be granted, and must be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. Because Plaintiff could not allege additional facts that would make these state law claims viable as a matter of law, the Court finds amendment on these bases would be futile. *See Baker v. Villalobos*, No. 2:18-CV-2301-PAG JS, 2018 WL 6016177, at *3 (C.D. Cal. Mar. 30, 2018) (dismissing prisoner's criminal and regulatory procedure claims *sua sponte* and without leave to amend).

### III. Leave to Amend

Plaintiff has already been provided three chances to his plead a viable § 1983 claim, has been granted leave to amend even after judgment had been entered against him, and has nevertheless failed sufficiently allege facts to support any plausible claim for relief as to any named Defendant. Therefore, the Court sees no reason to grant leave to amend yet

again. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### IV. Conclusion and Order

Accordingly, the Court:

1) **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: May 4, 2020

Hon. Gonzalo P. Curiel
United States District Judge